### In re METZGER.
#### Patent Appeal No. 2524.

Court of Customs and Patent Appeals.
Jan. 12, 1931.

Parker & Burton of Detroit, Mich., Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam, of Washington, D. C., and Ralph J. Burton, of Detroit, Mich., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On April 12, 1922, appellant filed his application for a patent upon improvements in channels or rubber runways for slidable windows. The two claims in the application were rejected by the Examiner, and afterwards by the Board of Appeals. The Examiner relied upon the following references: Cheston (British), 150,172; O'Brien, 1,157,-031; Catalog of C. M. Hoof Company, Chicago, Illinois, "No. 900, Perfect." In addition to these references, the Board of Appeals cited Matthews, of November 29, 1910, No. 977,415, and Douglas, of October 14, 1919, No. 1,318,983. It appears that the last two references had been cited in the decision of the First Assistant Commissioner in interference No. 49,254, in which this application was formerly involved.

The two rejected claims are as follows:

"1. In combination, a window frame member, a slidable glass window pane, a runway for such pane carried by said frame member comprising a self-supporting rubber channel substantially rectangular in cross-section having a friction-reducing fabric material covering its glass-engaging surfaces and extending outwardly over the lips of the runway and then backwardly down the outer sides of the runway to a point where the edges of the material are concealed and securely held between the runway and the frame member.

"2. In combination, a window frame member, a slidable glass window pane, a runway for such pane carried by said frame member comprising a self-supporting rubber channel substantially rectangular in cross-section having a friction-reducing fabric material covering its glass-engaging surfaces and extending outwardly over the lips of the runway and then backwardly down

the outer sides of the runway and onto the back of the runway so that the edges of the material are concealed and securely held between the runway and the frame member and the runway is protected."

The purported invention of the appellant is a channel or improved runway, especially adapted to be used in connection with sliding glass doors in automobiles. The appellant's device consists of a U-shaped channel made of resilient rubber, and which rubber channel is to be covered with a fabric of some yielding material. This rubber channel is placed in a groove in the window or door frame in such a manner as to be held firmly therein, and the glass frameless window operates by sliding up and down through the U-shaped channel. The applicant claims that in this way the glass is held firmly so that it will not rattle, water and wind will not enter the vehicle around the edges of the glass, and complete freedom of operation of the glass in the channel will, at all times, be maintained.

The specifications of appellant recite: " * * * The fabric covering is here shown as encasing completely the outer surface of the rubber channel member. Such a construction is to be preferred but the purpose is to cover that surface of the rubber channel which makes surface contact with another relatively slidable member thereby reducing the surface adhesion and it is apparent that in some cases merely lining the trough or channel itself would be sufficient."

In this connection, with the specifications last above quoted, samples of applicant's device have been produced in court on the oral argument by counsel for appellant. One of these samples shows a rubber channel of a general U-shaped, but having lips or projections on the inner sides of the channel, and having the entire surface of the rubber channel covered with felt. The two other samples are of general U-shaped construction, and have the felt covering. In each case, surrounding the interior of the channel and the outside thereof except the back, which is not covered.

From the arguments here presented, it is apparent that the appellant does not rely upon the novelty of the application of a rubber channel to a slidable window, but if he is to have a patent it must be upon the theory that, in preparing a rubber channel for such slidable windows, and in covering the same with a fabric in the manner employed by him, he has produced results not heretofore developed by the art. We understand this to be his contention. Many affidavits were

filed and occupy a considerable space in the record, and much argument has been presented upon the theory that the appellant has, by his device, done something which has been of very great and material benefit to the art, and which those who practiced this art have sought for many years, and, until appellant's device was perfected and put upon the market, had found no satisfactory solution to their problem. For this reason appellant claims he should have a patent.

It appears, from a reading of the affidavits aforesaid, that appellant's device has been a commercial success, and has been adopted by many prominent manufacturers of automobiles. It further reasonably appears that heretofore various other devices have been tried in the practice of this art, and that no particular commercial success has attached to the use of any of them.

The fact that a device has supplied a long-felt want in an art will be considered by a court in arriving at a conclusion as to the patentability of such device, if there be any doubt in that respect. However, if it is plain that the device is not an invention, and contains no novelty, and has been clearly anticipated by others in the field, then the commercial success of such a device will not make it patentable. Frost Co. v. Cohn (C. C. A.) 119 F. 505; Keystone Mfg. Co. v. Adams, 151 U. S. 139, 14 S. Ct. 295, 38 L. Ed. 103; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527; In re Meinecke (Cust. & Pat. App.) 44 F.(2d) 674 (Patents), decided December 1, 1930. .

With these principles in mind, the references will be briefly referred to. The reference Cheston is to an improvement relating to window guides or channels for the bodies of automobiles and the like. The device, as pictured by Cheston, shows a combination metal and rubber channel of general U-shaped construction, the slidable glass window operating through, and held by, the rubber, which rubber, in turn, is inclosed or covered with "velvet or suitable fabric 7 secured at the back."

O'Brien shows similar channels covered with plush, the channels, however, being of metal. The plush extends over the entire outer surface of the channel.

The catalogue of C. M. Hoof Company shows a form of channel composed of flexible rubber, felt lined and edged. This form is exactly of the form of one of the samples submitted by appellant's counsel here, the only difference being that the felt in the Hoof Company form covers only the edges

of the channel, leaving the outsides of the channel uncovered. A sample of this product is also before the court, and shows that in all respects it is exactly like one form of the product of appellant shown by his drawings, except as above noted. It is adapted to fit tightly in the groove of the window or door of the automobile, and, so far as this court can observe, performs exactly the same function.

The Matthews reference, cited by the Board of Appeals, shows a channel or groove to receive the glass in a window sash, and is substantially the same as appellant's device here. It is a U-shaped channel of flexible rubber, completely covered with fabric. The inventor of this device intended it to be used for window sash generally, and more particularly in railway cars, his idea being to prevent rattling and to hold the glass securely. Nothing is said in this patent whether the patentee had in mind the adaptation of his device to slidable windows. Plainly, he had in mind the same device as appellant.

The Douglas reference shows a metal channel surrounded with fabric in a similar manner to the channel of the applicant here, except that in the form shown it lacks something of extending to the extreme back portion of the outsides of the channel, and does not cover the back thereof.

We are of opinion that the references cited fully anticipated the application of appellant. Appellant argues that the Matthews' device, being adapted to a stationary window, is in a nonanalagous art to a sliding automobile window. However, it will be observed that Matthews planned his invention for use on all kinds of window sashes, and it is at least within reason to say that he might have had protection in his invention even when the glass of the sash was slidable, under the familiar rule that an inventor is entitled to any use of his invention which is disclosed by his application. In re Smith (Cust. & Pat. App.) 36 F.(2d) 302 (Patents); Potts v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275. It is quite plain that there is no invention in taking Matthews' device and using it as disclosed by O'Brien, Hoof, Cheston, and Douglas. There is no new structure and no new function. It is doubtless true that the appellant has made a success of his business commercially. This may be due to his superior methods of manufacture and merchandise. So far as his device is concerned, in our opinion, it has added nothing which the art did not already possess.

The decision of the Board of Appeals is affirmed.

Affirmed.